IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE CONSTAR INT'L INC. SECURITIES LITIGATION, ) ) ) ) This Document Relates To: ) ) ALL ACTIONS. ) ) | Master File No. 03-5020 |

REPLY BRIEF IN SUPPORT OF
UNDERWRITER DEFENDANTS' MOTION TO DISMISS
THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

Dated: November 9, 2004

Marc J. Sonnenfeld, MS1107
(I.D. No. 17210)
Karen Pieslak Pohlmann, KPP2212
(I.D. No. 60079)
Jill Baisinger, JMB2230
(I.D. No. 82476)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: 215.963.5000
Facsimile: 215.963.5001

Attorneys for Defendants Salomon
Smith Barney, Inc., d/b/a Citigroup
Global Markets Inc., Citigroup, Deutsche
Bank Securities Inc., J.P. Morgan Securities,
Inc., and Lazard Freres & Co., L.L.C.

I. **INTRODUCTION**

As explained in the Underwriter Defendants'[1] Memorandum of Law in support of their Motion to Dismiss, the Consolidated Amended Class Action Complaint ("Complaint") does not establish the existence of misrepresentations, much less material misrepresentations, sufficient to impose liability under 15 U.S.C. § 77k ("Section 11") on the Underwriter Defendants. In their Memorandum of Law in Opposition to Defendants' Motions to Dismiss ("Plaintiffs' Memorandum"), Plaintiffs gloss over or refuse to address the Defendants' arguments and attempt to transform differences of opinion regarding the management of Constar International, Inc. ("Constar") into a securities claim. As this is impermissible under governing law, the Complaint should be dismissed.

II. **ARGUMENT**

Plaintiffs never respond to the two fundamental points made by the Underwriter Defendants in the Underwriter Defendants' Memorandum. First, Plaintiffs do not argue in their Memorandum or allege in their Complaint that the information (the hard facts) disclosed in the Registration Statement is false. Since they cannot establish falsity by demonstrating that the disclosures were not accurate, Plaintiffs attempt to state a claim by asserting that Constar's characterization of those facts was misleading. This argument, however, is foreclosed by controlling precedent. Moreover, Plaintiffs never address the second point made by the

---

[1] As in previous filings, "Underwriter Defendants" refers to Defendants Salomon Smith Barney, Inc., d/b/a Citigroup Global Markets Inc., Citigroup, Deutsche Bank Securities Inc., J.P. Morgan Securities, Inc., and Lazard Freres & Co., L.L.C. The "Underwriter Defendants' Memorandum" refers to the Memorandum of Law in Support of the Underwriter Defendants' Motion to Dismiss Consolidated Amended Class Action Complaint.

Underwriter Defendants, namely that allegations of mismanagement are not actionable under the federal securities laws. This point is also fatal to Plaintiffs' Section 11 claims.

### A. Incorporation By Reference

The Underwriter Defendants explicitly incorporate by reference the legal arguments made in the Reply Brief In Support Of Motion Of Defendants To Dismiss The Consolidated Amended Class Action Complaint ("Constar's Reply Brief"). Each of those arguments applies to the Underwriter Defendants to the same degree that it does to Constar and to the other defendants. See, e.g., Pl. Mem. at 48 (indirectly acknowledging that there must be materially false and misleading statements in the Registration Statement to impose liability on the Underwriter Defendants).

### B. Plaintiffs Fail To Plead Material Misrepresentations

The Complaint does not establish the existence of materially false and misleading statements because (with one exception discussed below) it does not challenge factual representations made in the Registration Statement. Instead, it argues over wording choices characterizing those factual representations. As described in more detail in Constar's Reply Brief, see id. § III, these deficiencies affect virtually every claim in the Complaint. In particular, neither the Complaint nor Plaintiffs' Response adequately challenges that:

- The Registration Statement accurately described Constar's capital expenditures and potential capacity expansion, see, e.g., Registration Statement at 46;

- The Registration Statement accurately disclosed facts regarding the acquisition of particular equipment as well as maintenance expenditures, see, e.g., id.;

- The Registration Statement contained no factual misrepresentations regarding Constar's Oxbar technology (at most, its description of this technology as "the best," id. at 11, was puffery);

2

- The Registration Statement explicitly disclosed Constar's relationship with Crown and the fact that Constar would receive no cash infusion from the initial public offering ("IPO"), id. at 1, 22; and

- The Registration Statement disclosed the significance of resin and the potential effects of an increase in price. Id. at 42.[2/]

Rather than challenging the hard information included in the Registration Statement, Plaintiffs rely on statements of opinion from various Confidential Witnesses whose beliefs differed from those of Constar as to the conclusions to be drawn from the existing facts. See, e.g., Pl. Mem. at 14-18.[3/] This approach falls far short of establishing materiality, as "[m]aterial

---

2/ The one "fact" Plaintiffs try to challenge is the amount of Constar's goodwill at the time of the Registration Statement. However, the Complaint includes no allegations establishing that goodwill should have been written down at the time of the IPO. Underwriter Def. Mem. at 5. Indeed, most of the factors causing the goodwill write-down (such as summer weather) had not yet occurred at the time of the IPO. Id.

3/ As noted in the Underwriter Defendants' Memorandum, id. at 4, 5-6, as well as Constar's Memorandum and Reply Brief, however, the allegations Plaintiffs cite for the proposition that material misrepresentations were made—isolated statements from a parade of Confidential Witnesses—are insufficient because there is no reason to believe that those Confidential Witnesses themselves had material information. Plaintiffs contend that attacks on their confidential witnesses are not proper because they need not plead any source for their claims. Pl. Mem. at 38. However, if the Complaint sounds in fraud, it must be pleaded with particularity in accordance with Federal Rule of Civil Procedure 9(b), a standard it plainly fails to meet. See Underwriter Def. Mem. at 3 n.4. Even if the Complaint is governed by the more liberal standards of Federal Rule of Civil Procedure 8(a), Plaintiffs should not be allowed to disregard their allegations. In this case, Plaintiffs did rely upon confidential sources, and their sources—on the face of the Complaint and even accepting all Plaintiffs' allegations as true—demonstrate that the conclusions drawn in the Complaint lack factual support. For example, Plaintiffs' Memorandum relies upon CW5, CW6, CW10, CW15, and CW16 to support Plaintiffs' allegations concerning Constar's maintenance problems. Pl. Mem. at 18 (citing Compl. ¶¶ 86-90, 100-03, 119-21, 137-41). Each of these individuals, however, worked at only one facility, id. ¶¶ 85, 86, 100, 136, 140, and Plaintiffs offer no basis by which information about a single facility could be generalized to Constar as a whole or to conclude that events at one plant were material to the entire company. Plaintiffs should not be allowed to cherry-pick among the allegations in their Complaint in an effort to meet their pleading burden (i.e., relying on the Confidential Witnesses to establish certain purported "facts" but then ignoring the allegations that show those individuals could not know the "facts" they purportedly establish).

3

representations must be contrasted with statements of subjective analysis or extrapolations, such as opinions, motives and intentions, or general statements of optimism, which constitute no more than puffery and are understood by reasonable investors as such." EP Medsystems v. Echocath, Inc., 235 F.3d 865, 872 (3d Cir. 2000); see also, e.g., Ultrafem Inc. Sec. Litig., 91 F. Supp. 2d 678, 699 (S.D.N.Y. 2000); In re Bell Atlantic Corp. Sec. Litig., No. 91-0514, 1997 WL 205709 at, *31 (E.D. Pa. Apr. 17, 1997).[4/]

Indeed, one of Plaintiffs' own cases, In re Home Health Corp. of Am., Inc. Sec. Litig., No. Civ. A. 98-834, 1999 WL 79057, at *12 (E.D. Pa. Jan. 29, 1999) (cited at Pl. Mem. at 49), noted in dismissing certain claims that "[t]he federal securities laws do not provide a remedy for investors who draw unwarranted or overbroad inferences from companies' public disclosures." As Constar provided accurate information from which investors could draw their own conclusions, In re Donald J. Trump Casino Sec. Litig., 7 F.3d 357, 375 (3d Cir. 1993), the claims made by the Confidential Witnesses in this matter constitute just such inactionable extrapolations. Home Health, 1999 WL 79057, at *12 (dismissing claims based on plaintiffs' inferences from accurate earnings information). Particularly as companies have no obligation to disparage their own competitive position and products or to "compare [themselves] in myriad ways to . . . competitors," Trump, 7 F.3d at 375, the Complaint must be rejected for failing to set forth material misrepresentations or omissions.

---

[4/] The Underwriter Defendants also note that Plaintiffs attempt to impose upon Defendants the obligation of rebutting materiality. For example, on page 24 of their Memorandum, Plaintiffs suggest that Constar had an obligation to identify in the Registration Statement the portion of sales attributable to Oxbar products. In fact, however, it is Plaintiffs who have the obligation of establishing materiality as to each of the purported misrepresentations and omissions.

4

Thus, Plaintiffs have not sufficiently alleged that misrepresentations were made, nor have they sufficiently alleged that any purported misrepresentations were material. For these reasons, the Complaint should be dismissed.

### C. At Most, The Plaintiffs' Allegations Describe Only Non-Actionable Mismanagement

Plaintiffs also fail to respond to the Underwriter Defendants' argument that even if the opinions of Confidential Witnesses were potentially actionable, they consist of nothing more than contentions regarding mismanagement. As explained in the Underwriter Defendants' Memorandum, most, if not all, the allegations in the Complaint set forth nothing more than claims of mismanagement or internal disagreement regarding Constar's strategic direction. See Underwriter Def. Mem. at 6-7. In particular, the Complaint's allegations regarding failure to upgrade facilities, failure to obtain or retain particular customers, failure to bid on particular contracts, Constar's overall strategy regarding hiring and personnel, and decisions regarding particular prices and rebates do not set forth material misstatements or omissions—they set forth examples of Constar's purported mismanagement. Id.

Plaintiffs do not dispute that mismanagement or strategy disagreements, without more, are insufficient to articulate a Section 11 claim. In re Craftmatic Sec. Litig., 890 F.2d 628, 640 (3d Cir. 1990). Indeed, the case cited in Plaintiffs' Response supports this point. Home Health, 1999 WL 79057, at *13.[5/] Rather, the Plaintiffs contend that the "falsity of the statements in the

---

5/ In fact, nothing in this decision counters any position articulated by the Underwriter Defendants. The Home Health court held that defendants could not characterize as "mismanagement" claims that the court had already found were supported by factual allegations demonstrating potential material misstatements. 1999 WL 79057, at *13. Plaintiffs here have alleged none of the facts that allowed certain claims to survive a motion to dismiss in Home Health. For example, in Home Health, plaintiffs alleged that defendants knew that the Balanced Budget Act—which had been passed at the time of filing—would have a negative effect on the company's goodwill, id. at *11, but here

(continued)

5

Registration Statement . . . forms the basis of Plaintiffs' claims." Pl. Mem. at 49. Plaintiffs, however, make no effort to address the argument in the Underwriter Defendants' Memorandum that they have not pled "falsity," they have pled (at best) mismanagement. Plaintiffs offer no explanation as to how their averments rise above management issues to the level of a material misrepresentation sufficient to state a Section 11 claim.

To take but one example, the Registration Statement explained that Constar would engage in capital expansion only if economically valuable long-term contracts could be reached; accordingly, contentions that Constar failed to upgrade its facilities to obtain contracts with specific customers do not constitute support for a Section 11 claim, as a decision not to pursue a particular customer contract is a management decision consistent with the Registration Statement. Underwriter Def. Mem. at 7; see also id. (identifying various other examples).

Rather than come to terms with the specific arguments made by the Underwriter Defendants, the Plaintiffs' Response returns again to the allegations attributed to various Confidential Witnesses. The Confidential Witnesses, however, establish only the existence of disagreements regarding strategy. As a result, Plaintiffs have failed to articulate a Section 11 claim and have instead, at most, alleged only mismanagement.

## III. <u>CONCLUSION</u>

The Plaintiffs' Memorandum sets forth no new information suggesting that there was false or misleading information in the Registration Statement. Differences of opinion as to the conclusions to be drawn from hard facts or differences of opinion regarding a company's strategic direction cannot form the basis of a Section 11 claim. Accordingly, for all the

---

Plaintiffs have averred no facts that were in existence at the time of the IPO and that led to Constar's goodwill write-down.

foregoing reasons, as well as for the reasons articulated in Constar's Reply Brief, the Underwriter Defendants respectfully request that this Court dismiss the Complaint.

Respectfully submitted,

Dated: November 9, 2004

Marc J. Sonnenfeld, MS1107
(I.D. No. 17210)
Karen Pieslak Pohlmann, KPP2212
(I.D. No. 60079)
Jill Baisinger, JMB2230
(I.D. No. 82476)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: 215.963.5000
Facsimile: 215.963.5001

Attorneys for Defendants Salomon Smith Barney, Inc., d/b/a Citigroup Global Markets Inc., Citigroup, Deutsche Bank Securities Inc., J.P. Morgan Securities, Inc., and Lazard Freres & Co., L.L.C.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 9, 2004, a true copy of the foregoing Memorandum of Law was served on the following counsel by the methods indicated:

**BY HAND-DELIVERY:**

        **LAW OFFICES OF BERNARD M. GROSS, P.C.**
        Deborah R. Gross
        1515 Locust Street, Second Floor
        Philadelphia, PA 19102
        Telephone: (215) 561-3600

        **Liaison Counsel for Lead Plaintiffs**
        **and the Class**

**BY OVERNIGHT MAIL, POSTAGE PREPAID:**

        **BERNSTEIN LIEBHARD & LIFSHITZ, LLP**
        Sandy A. Liebhard
        Jeffrey M. Haber
        Timothy J. MacFall
        Stephanie M. Beige
        10 East 40th Street, 22nd Floor
        New York, NY 10016
        Telephone: (212) 779-1414

        **LERACH COUGHLIN STOIA & ROBINSON LLP**
        Steven W. Pepich
        Brian O. O'Mara
        401 B Street, Suite 1700
        San Diego, CA 92101
        Telephone: (619) 231-1058

        **Attorneys for Plaintiffs**

**BY HAND-DELIVERY**:

    **DECHERT LLP**
    Michael L. Kichline
    4000 Bell Atlantic Tower
    1717 Arch Street
    Philadelphia, PA 19103-2793
    Telephone: (215) 994-2439

    **Attorney for Constar International Inc., Crown Holdings, Inc., and the Individual Defendants**

    _____
    Jill Baisinger, JMB2230

2