IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re CONSTAR INT'L INC. SECURITIES LITIGATION : : : This Document Relates To: ALL ACTIONS | Master File No. 03-5020 Class Action |

: 
: 
: 
: 
: 

## ORDER

AND NOW, this   23rd   day of May, 2006, upon consideration of the parties' contentions and after oral argument, the motion for judgment on the pleadings filed by the Constar defendants[1] is denied, Fed. R. Civ. P. 12(c).[2] The "Objections of Defendants to the February 22, 2006 Report and Order of the Special Master" are overruled. The Report and Order of Special Master Diane M. Welsh dated February 22, 2006 is adopted in regard to defendants' argument on loss causation. Defendants' materiality argument is decided de novo.[3]

This is an action under Sections 11 and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k and 77o. Plaintiffs demand recovery of losses attributed to their purchase of Constar

---

[1] The Constar defendants are Constar, Crown Holdins, Inc., Charles F. Casey, William F. Little, Michael J. Hoffman, James C. Cook, Alan W. Rutherford, John W. Conway, Angus F. Smith, and Frank J. Mechura.

[2] A motion for judgment on the pleadings "will not be granted unless the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law." Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005).

[3] In her Report and Order, Special Master Welsh notes the distinction between the two theories. Report and Order, at n.5 ("The Third Circuit recently confirmed: '[R]eading materiality and loss causation . . . to be synonymous is incorrect. They are different concepts.' In re: Merck & Co. Sec. Litig., 432 F.3d 261, 275 (3d Cir. 2005)"). Special Master Welsh did not consider defendants' materiality argument. Report and Order, at n.5 ("Here, defendants' motion does not specifically contend that the misrepresentation alleged by plaintiffs was not material. Instead, defendants argue that plaintiffs have failed to alleged that the alleged misrepresentation caused the economic loss.")

common stock, averring that the materially false and misleading registration statement and prospectus caused them to purchase the stock at an artificially inflated price. Amended Complaint, ¶ 1. Specifically, for purposes of this motion, their pleading asserts that Constar's goodwill was "overstated" and "impaired" and should have been written down prior to the November 2002 IPO. Amended Complaint, ¶ 205. It is also alleged that Constar ultimately admitted these misrepresentations in a press release dated August 14, 2003 that announced, "the Company has determined that a goodwill impairment exists" and "the Company expects that the impairment charge will be material." Amended Complaint, ¶ 211.

According to defendants, the pleadings fall short of establishing that the alleged overstatement of goodwill was material to plaintiffs' loss. Citing In re: Merck & Co., Inc. Sec. Litig., 432 F.3d 261 (3d Cir. 2005),[4] they point to the increase in the price of Constar stock that occurred immediately following the August 14, 2003 press release. However,

---

[4] In Merck, our Court of Appeals upheld the 12(b)(6) dismissal of a Section 11 claim, finding the disclosure of a controversial revenue-recognition policy not material. There, Merck first disclosed the revenue-recognition [policy in an April 17, 2002 registration statement, but did not disclose the amount involved. Merck's stock price climbed $.03 on the day the statement was filed. 432 F.3d at 264. On June 21, 2002, a Wall Street Journal article disclosed the extent of recognition of co-payments as revenue. The stock price fell $2.22 that day, and continued to fall over the next several weeks. Id. at 265. The district court dismissed the Section 11 claims as immaterial.

The Court of Appeals applied the stock price test generally applied in 10(b) cases to measure the materiality of the April 17 disclosure. Id. at 274. Under that test, "'the materiality of disclosed information may be measured post hoc by looking to the movement, in the period immediately following disclosure, of the price of the firm's stock.'" Id., quoting Oran v. Stafford, 226 F.3d 275, 282 (3d Cir. 2000). The Court of Appeals concluded that the April 17 disclosure was "not material. Merck's stock did not drop after the first disclosure [on April 17], and that is generally when we measure the materiality of the disclosure, not two months later." 432 F.3d at 269.

essential to the application of Merck is the premise that Constar's stock was traded on an "efficient market."[5] The amended complaint does not articulate that the stock was traded on an efficient market, and does not plead facts that would permit the inference of an efficient market. See In re: Resource America Sec. Litig., 202 F.R.D. 177, 188-89 (E.D. Pa. 2001)(describing factors set forth in Cammer v. Bloom, 711 F. Supp. 1264, 1286-87 (D.N.J. 1989)); see also The Winer Family Trust v. Queen, 2004 WL 2203709, at *3 (E.D. Pa., Sep. 27, 2004) (discussing Cammer test). Given the lack of such allegations, to dismiss plaintiffs' goodwill claim at this stage would be premature. Defendants' motion is denied without prejudice to renewal on summary judgment.

BY THE COURT:


 /s/ Edmund V. Ludwig
Edmund V. Ludwig, J.

---

[5] An "efficient market" is one in which "'information important to reasonable investors (in effect, the market) is immediately incorporated into stock prices.'" Merck, 432 F.3d at 269 n.5, quoting In re: Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1425 (3d Cir. 1997).