IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re CONSTAR INT'L INC. SECURITIES LITIGATION | : : : | Master File No. 03-5020 |
| | : | Class Action |
| This Document Relates To: ALL ACTIONS | : : | |

**MEMORANDUM**

Ludwig, J.                                                                                            March 4, 2008

This is an action under Sections 11 and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k and 77o.[1] The amended complaint demands recovery of losses attributed to plaintiffs' purchase of Constar common stock, averring that materially false and misleading assertions in the registration statement and prospectus caused plaintiffs to purchase the stock at an artificially inflated price. Amended Complaint, ¶ 1.[2] At issue is whether plaintiffs' motion for class certification satisfies the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3), and whether class certification should be granted.

Rule 23(a) requires a showing of four elements: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy (of representation). Vicuron Pharmaceuticals, Inc. Sec. Lit., 233 F.R.D. 421, 425 (E. D. Pa. 2006). Rule 23(b)(3) also requires that common questions "predominate over any questions affecting only individual members." Vicuron, 233 F.R.D.

---

[1] Section 11 of the 1933 Act creates a private cause of action for "any person acquiring [a] security" for which a registration statement contained an untrue statement of material fact or an omission of a material fact that is required to be stated therein or necessary to make the statements therein not misleading." 15 U.S.C. § 77k. "Section 15 of the Securities Act provides for joint and several liability on the part of one who controls a violator of Section 11 or Section 12." In re: Suprema Speciailities, Inc. Sec. Lit., 438 F.3d 256 (3d Cir. 2006), citing 15 U.S.C. § 77o. In re: Adams Golf, Inc. Sec. Lit., 381 F.3d 267, 273 n.3 (3d Cir. 2004).

[2] A comprehensive description of the background of the case is set forth in the "Report and Proposed Order" at 3-5.

at 425, quoting Fed. R. Civ. P. 23(b)(3). Additionally, class resolution must be "superior to other available methods for the fair and efficient adjudication of the controversy." Id. The Special Master, after thorough analysis, found that plaintiffs satisfied these requirements and recommended certifying a class.[3]

Defendants'[4] objections embody arguments raised earlier in their motion for judgment on the pleadings, particularly the absence of allegations in the amended complaint regarding an efficient market. Citing In re: Merck & Co. Inc. Sec. Lit., 432 F.3d 261 (3d Cir. 2005)[5], defendants urge against class treatment under Rule 23 because either

---

[3] The class consists of "All purchasers of the securities of Constar International, Inc. ("Constar" or "the Company") issued pursuant to or traceable to the Company's Registration Statement/Prospectus (the "Registration Statement") for Constar's November 14, 2002 initial public offering ("IPO" or the "Offering"), seeking to pursue remedies under the Securities Act of 1933 (the "Securities Act")."

[4] The objecting defendants are Constar, Crown Holdings, Inc., Charles F. Casey, William F. Little, Michael J. Hoffman, James C. Cook, Alan W. Rutherford, John W. Conway, Angus F. Smith, and Frank J. Mechura. The "Underwriter Defendants" - Solomon Smith Barney, Inc. d/b/a Citigroup Global Markets, Inc., Citigroup, Deutsche Bank Securities, Inc., J.P. Morgan Securities, Inc., and Lazard Freres & Co. LLC - have joined in the objections (docket no. 180).

[5] In Merck, our Court of Appeals upheld the 12(b)(6) dismissal of a Section 11 claim, finding the disclosure of a controversial revenue-recognition policy not material. There, Merck first disclosed the policy in an April 17, 2002 registration statement, but did not disclose the amount involved. Merck's stock price rose $.03 on the day the statement was filed. 432 F.3d at 264. On June 21, 2002, a Wall Street Journal article disclosed the extent of recognition of co-payments as revenue. The stock price fell $2.22 that day, and continued to fall over the next several weeks. Id. at 265. The district court dismissed the Section 11 claim on grounds of immateriality. The Court of Appeals affirmed, concluding that the April 17 disclosure was "not material. Merck's stock did not drop after the first disclosure [on April 17], and that is generally when we measure the materiality of the disclosure, not two months later." Id. at 269.

Defendants liken this case to Merck, pointing to the increase in the price of Constar stock immediately following the August 14, 2003 press release. "However, essential to the application of Merck is the premise that Constar's stock was traded on

2

an efficient market existed (and the public received all information relevant to the IPO), or, if not, the purchases of Constar shares were based on individually obtained information. According to defendants, plaintiffs are "playing cat and mouse" on this issue. Objection no. 1. The amended complaint does not allege an efficient market,[6] nor does plaintiffs' motion assert that one existed. Absent an efficient market, it is defendants' position that the case cannot proceed on a class basis because individual fact patterns will predominate, especially in the areas of materiality, injury and loss causation - and as a result, plaintiffs cannot demonstrate the typicality, adequacy and predominance elements of Rule 23. Objections nos. 1, 3 and 4.

The Special Master's Report fully discussed these issues, noting that, '[i]n determining whether common questions of law and fact predominate, the focus of the inquiry is directed primarily toward the issue of liability," Report at 26 (citations omitted). It found the central liability issue in the case to be the existence and materiality of misrepresentations and omissions in the Registrations Statement. Report at 29. In essence, the conduct of the defendants, not the knowledge of the plaintiffs, is determinative. Therefore, the question of materiality is objective - what would a reasonable investor

---

an 'efficient market.[ ]' The amended complaint does not articulate that the stock was traded on an efficient market, and does not plead facts that would permit the inference of an efficient market." May 23, 2006 Order overruling defendants' objections to Report and Proposed Order of Special Master, and denying motion for judgment on the pleadings.

[6] As set forth in the May 23, 2006 order denying defendants' motion for judgment on the pleadings, "[t]he amended complaint does not articulate that the stock was traded on an efficient market, and does not plead facts that would permit the inference of an efficient market." (Citations omitted).

consider significant? An investor-by-investor inquiry is unnecessary,[7] and the absence of an efficient market does not rule out class consideration on the ground that common questions cannot prevail. Moreover, because liability - and not injury - is the focus of the inquiry, proof of injury - loss causation - also does not rule out class consideration.

The crucial questions here are: was there a misrepresentation? And, if so, was it objectively material? The Special Master's findings in these regards are well-supported; and defendants' objections nos. 1, 3 and 4 must be overruled.

It is also argued that proposed class plaintiffs Bhandari and Redstone are not adequate class representatives, having purchased their shares in the aftermarket. Objection no. 5. The Special Master's Report considers this issue at length and its findings are well-supported. See Report at 11-18. Section 11(a) of the Securities Act states that "***any*** person acquiring such security" may bring an action for losses. Report at 12, quoting 15 U.S.C. § 77k(a) (other citations omitted) (emphasis added). "Unlike § 12(a)(2) of the 1933 Act, there is no privity requirement and there is no language limiting the claims to those investors who purchase their shares in an initial public offering." Lee v. Ernst & Young, LLP, 294 F.3d 969, 976 (8th Cir. 2002); *In re* Adams Golf, Inc. Sec. Lit., 176 F. Supp.2d 216, 227 (D. Del. 2001). Aftermarket purchasers such as plaintiffs may proceed under § 11 "so long as the securities were traceable to an offering that was covered by the allegedly false registration statement." Adams Golf, 176 F.Supp.2d 216, 226 (D. Del. 2001), aff'd in part, rev'd in part on other grounds, 381 F.3d 267 (3d Cir. 2004) (additional citations omitted), distinguishing

---

[7]Defendants also point to the "differing knowledge base" among class members as a basis for denial of class certification. However, reliance is not an element in a § 11 case, Report at 29: "issues of individual reliance will not defeat class certification."

Shapiro, 964 F.2d 272 (3d Cir.), cert. denied, 506 U.S. 934 (1992). "Shapiro [relied upon by defendants] is an endorsement of the 'tracing' theory, and has been so recognized by other courts." Adams Golf, 176 F.Supp.2d, at 227. Here, "plaintiffs do not allege that Constar had issued shares prior to the November 2002 IPO and thus there appears to be no risk that the shares plaintiffs purchased 'were shares already issued on the date of the [allegedly] misleading registration statement.'" Report at 16. The Report's finding as to the standing of aftermarket purchasers appears to be correct; and defendants' objection no. 5 is overruled.

Defendants also contend: "the Special Master erred by refusing to require plaintiffs to prove that the case [can] be tried on a class wide basis." Objection no. 2. This general objection does not suggest what evidence may be missing. "Class actions are a particularly appropriate and desirable means to resolve claims based on securities laws 'since the effectiveness of those laws may depend in large measure on the application of the class action device." Report at 32, quoting Neuberger, 1998 WL 826980, at *4 (additional citations omitted). Additionally, as the Report observes, our Court of Appeals "has adopted a liberal construction of Rule 23 when considering shareholder suits, declaring that 'the interest of justice requires that in a doubtful case . . . any error if there is to be one, should be committed in favor of allowing a class action.'" In re: Regal Communications Corp. Sec. Lit., 1995 WL 550454, at *3 (E. D. Pa., Sep. 14, 1995), quoting Eisenberg v. Gagnon, 766 F.2d 770, 785 (3d Cir.), cert. denied, 474 U.S. 946 (1985). Here, after careful examination of the substantial materials presented by the parties, the Report correctly found that

plaintiffs established the elements required by Rules 23(a) and 23(b)(3). Defendants' objection no. 2 is overruled.

Defendants' objection no. 6, objecting to the crafting of the class definition, is also overruled.


BY THE COURT:


 /s/ Edmund V. Ludwig
Edmund V. Ludwig, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re CONSTAR INT'L INC. SECURITIES LITIGATION : : : This Document Relates To: : ALL ACTIONS : | Master File No. 03-5020 Class Action |

## **ORDER**

AND NOW, this  4th  day of March, 2008, the motion for class certification filed by lead plaintiffs Ameesh Bhandari and Randolph Redstone is granted, Fed. R. Civ. P. 23(a) and 23(b)(3). The "Objections of Defendants to the May 7, 2007 Report and [Proposed] Order of the Special Master" (docket no. 168) are overruled.[8] The Report and Proposed Order of Special Master Diane M. Welsh dated May 7, 2007 (docket no. 166) is approved. A memorandum accompanies this order.

BY THE COURT:

 /s/ Edmund V. Ludwig
Edmund V. Ludwig, J.

---

[8] The "Motion of Defendants for Expedited Review of Their Objections to the May 7, 2007 Report and [Proposed] Order of the Special Master and to Stay All Proceedings" (docket no. 169) is denied.