UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

FILED

SEP 14 2012

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

| | |
|---|---|
| In re CONSTAR INT'L INC. SECURITIES LITIGATION ) ) ) | Master File No. 03cv05020 |
| | CLASS ACTION |
| This Document Relates To: ) ) | [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |
| ALL ACTIONS. ) ) ) | |

731427_3

WHEREAS, a consolidated class action is pending in the Court entitled *In re Constar Int'l Inc. Securities Litigation*, Master File No. 03cv05020 (the "Litigation");

WHEREAS, the Settling Parties having made application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order approving the settlement of this Action, in accordance with a Stipulation of Settlement dated August 31, 2012 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation with prejudice as against the Defendants upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation; and

NOW THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, including the releases contained therein, as being fair, reasonable, and adequate as to the Class Members, subject to further consideration at the Settlement Hearing described below.

2. A hearing (the "Settlement Hearing") shall be held before this Court on December 19, 2012, at 11 a.m., at the United States District Court for the Eastern District of Pennsylvania, James A. Byrne United States Courthouse, 601 Market Street, Philadelphia, PA 19106, to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate as to the Class and should be approved by the Court; whether an Order and Final Judgment, substantially in the form of Exhibit B to the Stipulation, should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Plaintiffs'

- 1 -

731427_3

Counsel and to Lead Plaintiffs. The Court may adjourn the Settlement Hearing without further notice to members of the Class.

3. The Court approves, as to form and content, the Notice of Proposed Settlement, Motion for Attorneys' Fees and Expenses and Settlement Fairness Hearing (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice annexed as Exhibits A-1, A-2, and A-3 hereto and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶5-6 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

4. The date and time of the Settlement Hearing shall be added to the Notice and Summary Notice before they are mailed and published, respectively, in accordance with ¶5, below.

5. Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints the firm of Gilardi & Co. LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Not later than October 5, 2012 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort and to be posted on its website at www.gilardi.com;

(b) Not later than October 12, 2012, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily* and on the *Business Wire*; and

(c) Not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

6. Any nominee who purchased Constar International Inc. ("Constar") common stock for the benefit of another Person pursuant or traceable to the Registration Statement for Constar's November 14, 2002 initial public offering shall send the Notice and the Proof of Claim to all such beneficial owners of Constar common stock within seven (7) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within seven (7) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. Such nominees shall be entitled to reimbursement from the Settlement Fund for their reasonable expenses actually incurred in carrying out the requirements of this paragraph.

7. Any person falling within the definition of the Class who desires to request exclusion from the Class shall do so within the time set forth and in the manner described in the Notice. Unless the Court orders otherwise, no request for exclusion shall be valid unless it is made within the time set forth and in the manner described in the Notice. Class Members who excluded themselves from the Class in accordance with the Notice of Pendency of Class Action need not do so again.

8. All members of the Class shall be bound by the provisions of the Stipulation and all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

9. Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be submitted no later than ninety (90) days from the Notice Date. Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court. Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept for processing late claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

10. Any member of the Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

11. All proceedings in the Litigation are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, neither the Lead Plaintiffs nor any Class Members, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Persons, any action or proceeding in any court or tribunal asserting any of the Released Plaintiffs' Claims, regardless of whether or not any such Class Member has appeared in the Litigation.

12. Any member of the Class may appear and show cause, if he, she or it has any, why the proposed settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered thereon substantially in the form annexed as Exhibit B to the Stipulation, why the Plan of Allocation should or should not be approved as fair, reasonable, and adequate, or why attorneys' fees and expenses should or should not be awarded to Plaintiffs' Counsel or Lead Plaintiffs; provided, however, that no Class Member or

any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Plaintiffs' Counsel or Lead Plaintiffs, unless written objections and copies of any papers and briefs in support of said objections and proof of membership in the Class are received by Ellen Gusikoff Stewart, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101; Steven B. Feirson, Michael S. Doluisio, Stuart T. Steinberg, Dechert LLP, Cira Centre, 2929 Arch Street, Philadelphia, PA 19104; and Marc J. Sonnenfeld, Morgan, Lewis & Bockius LLP, 1701 Market Street, Philadelphia, PA 19103, on or before December 5, 2012, and said objections, papers, and briefs are filed with the Clerk of the United States District Court for the Eastern District of Pennsylvania, James A. Byrne United States Courthouse, 601 Market Street, Philadelphia, PA 19106, on or before December 5, 2012. Any member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, and to the award of attorneys' fees and expenses to Plaintiffs' Counsel, unless otherwise ordered by the Court.

13. Upon the Effective Date, the Releasing Persons, regardless of whether Lead Plaintiffs or any Class Members ever seek or obtain by any means, including, without limitation, by submitting a Proof of Claim, any distribution from the Settlement Fund or the Net Settlement Fund, shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Plaintiffs' Claims against the Released Persons and shall have covenanted not to sue the Released Persons with respect to all such Released Plaintiffs' Claims, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any such Released Plaintiffs' Claims against the Released Persons.

- 5 -

731427_3

14. No Person that is not a Class Member or Plaintiffs' Counsel shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

15. All funds held by the Escrow Agent shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned to the Person(s) paying the same pursuant to the Stipulation and/or further order(s) of the Court.

16. All motions and papers in support of the Settlement, the Plan of Allocation, and any application by counsel for the Lead Plaintiffs for attorneys' fees and expenses and interest thereon shall be filed and served no later than twenty-one (21) calendar days prior to the Settlement Hearing. If any objections to the Settlement, Plan of Allocation, or application for attorneys' fees and expenses and interest thereon are timely filed, a response to the objection(s) shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

17. All of the Claims Administrator's reasonable out-of-pocket costs and expenses incurred in providing notice to Class Members, administration of the Settlement Fund, as well as escrow fees, taxes, custodial fees, and expenses incurred in connection with processing Proofs of Claim or distributing the Net Settlement Fund, shall be paid from the Settlement Fund as set forth in the Stipulation. Upon the establishment and funding of the Settlement Fund, a sum not to exceed Three Hundred Thousand Dollars ($300,000) from the Settlement Fund shall be allocated to the Notice and Administration Fund for the express purpose of providing notice of the Settlement and to administer the Settlement pursuant to the terms of this Order, and unspent funds shall be returned to the Settlement Fund. Costs and expenses incurred by the Claims Administrator in connection with providing the Notice of Pendency of Class Action to the Class may be paid out of the Notice and Administration Fund. Funds may be disbursed from the Notice and Administration Fund for these

SEP-14-2012 13:04 P.04
SEP-14-2012 12:16 P.01 98%
Case 2:03-cv-05020-LDD Document 323 Filed 09/14/12 Page 2 of 8
CHAMBERS OF JUDGE LUDWIG
Case 2:03-cv-05020-EL Document 322-2 Filed 08/31/12 Page 8 of 43

purposes without further approval of Defendants or the Court. The Notice and Administration Fund shall be administered by the Escrow Agent as part of the Settlement Fund. In the event the Settlement is not approved by the Court, or is terminated, cancelled, or otherwise fails to become effective for any reason, the Settlement Fund (including accrued interest), plus any amount then remaining in the Notice and Administration Fund (including accrued interest), shall be refunded within five (5) business days directly to such Person(s) that paid the Settlement Amount, *pro rata* in accordance with the amounts paid by such Person(s), consistent with the terms of the Stipulation.

18. If for any reason the Stipulation is not approved, or is terminated, cancelled, or fails to become effective for any reason, this Order, and any judgment or order entered by the Court in accordance with the terms of the Stipulation, shall be treated as vacated, *nunc pro tunc*, and the provisions of ¶¶3.8 and 6.2 of the Stipulation shall apply.

19. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Order or the Stipulation.

20. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

DATED: Sept 14, 2012

THE HONORABLE EDMUND V. LUDWIG
UNITED STATES DISTRICT JUDGE

cc: Rick Sabol

-7-

731427_3